**Daniel Steve DIXON, Plaintiff—Appellant,**

v.

**G. LAVIN; et al., Defendants—Appellees.**

No. 06–15704.

United States Court of Appeals, Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 9, 2007.*

Filed July 16, 2007.

Daniel Steve Dixon, Ione, CA, pro se.

Constance L. Picciano, Esq., Jack Duran, Jr., Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

Daniel Steve Dixon, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by denying his request for a transfer to a lower-security facility. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

The district court properly granted judgment on the pleadings on Dixon's Eighth Amendment claim because his allegation that he would be at risk when returned to a general population yard if other inmates learned he had been on a Sensitive Needs Yard ("SNY") is too speculative to support a claim that defendants were deliberately indifferent to his safety when they recommended he be placed on the SNY. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (requiring a successful Eighth Amendment claim based on inhumane conditions of confinement to show that prison officials knew of a substantial risk of serious harm and failed to take reasonable measures to avoid the harm).

The district court properly granted summary judgment on Dixon's equal protection claim because Dixon failed to raise a genuine issue of material fact as to whether the defendants discriminated against him based upon membership in a protected class, or as to whether their decision to deny Dixon's request for transfer to a Level III facility was not rationally related to a legitimate penological goal. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686–87 (9th Cir.2001); *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir.1987) ("when a suspect class is not implicated, the court must determine whether the alleged discrimination is patently arbitrary and bears no rational relationship to a legitimate governmental interest") (internal quotations omitted).

The district court did not abuse its discretion in denying Dixon's requests to extend time for discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002) (allowing district court broad discretion in deciding whether to permit discovery).

The district court did not err in declining to exercise supplemental jurisdiction over Dixon's state law claims after dismissing all federal claims. *See Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1555–56 (9th Cir.1994).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.